## Case No. 12,138.

### In re RUNDLE et al.

[2 N. B. R. 113 (Quarto, 49); 1 Chi. Leg. News, 30.] [1]

District Court, S. D. New York. Oct. 3, 1868.

BANKRUPTCY—DEBT CREATED BY FRAUD—ACTION IN STATE COURT TO DETERMINE AMOUNT OF CLAIM.

A debt created by fraud is provable under the bankrupt act [of 1867 (14 Stat. 517)]. Where amount due to a creditor is in dispute in a state court the court of bankruptcy may allow the suit to proceed for the purpose of ascertaining the amount due, but execution will be stayed if the debt is such as will be discharged by a discharge in bankruptcy.

[Cited in brief in Scott v. Olmstead, 52 Vt. 212.]

---

[1] [Reprinted from 2 N. B. R. 113 (Quarto, 49), by permission. 1 Chi. Leg. News, 30, contains only a partial report.]

[In the matter of Rundle & Jones, bankrupts.]

Vose & McDaniel, for bankrupts.
Weeks & Forster, for creditor.

BLATCHFORD, District Judge. Schedule A to the petition in bankruptcy sets forth the debt of twenty-six thousand two hundred and eighty-nine dollars and fifty-seven cents to George Rudge, Jr., as being in suit in the state court, and states that the amount of the debt is contested. Whether the debt be or be not, as it is claimed to be by the creditor, a debt created by the fraud or embezzlement of the bankrupts, or by their defalcation while acting in a fiduciary character, it is a debt provable under the act (sections 19 and 33). The twenty-first section provides that if the amount due to a creditor claiming a provable debt is in dispute, "the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed as aforesaid." I think this a proper case in which to allow the suit in the state court to proceed, for the purpose of ascertaining the amount due. The bankrupts, by their answer in that suit, wholly deny the indebtedness alleged in the complaint in the suit. If it should be adjudged, as the result of the litigation in the suit, that there is no debt, the whole question will be disposed of. If a debt should be established, the question as to whether it will or will not be discharged by a discharge granted to the bankrupts, can be raised and disposed of on a motion which can then be made to this court to stay execution on any judgment which may be recovered for the debt in the state court.